UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OMNIQUIP TEXTRON INC., CIVIL NO. 02-291 (DSD/JMM)

Plaintiff,

v. ORDER

ROAD MACHINERY & SUPPLIES CO., INC.,

Defendant.

The above matter came on for hearing before the undersigned on May 15, 2002 upon Plaintiff's Motion to Amend Complaint [Docket No. 10]. John Connelly, Esq. appeared on behalf of Plaintiff; J. Michael Dady, Esq. and Jennifer Gehrig, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint [Docket No. 10] is granted, without prejudice to the merits of any defenses.

Dated: May 22, 2002

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

This action arises from a prior Dispute Resolution Agreement (the "Agreement") between the parties. Count One of the Complaint seeks a declaration that OmniQuip does not violate Minn. Stat. § 325E.068, subd. 1. Count Two seeks a

FILED MAY 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

declaration that OmniQuip does not breach any contracts with Defendant Road Machinery & Supplies Co., Inc. ("RMS"). Count Three seeks a declaration that OmniQuip does not violate Minn. Stat. § 325E.0682(b)(3).

Now before the Court is Plaintiff's Motion to amend its Complaint to assert claims for a declaratory judgment that OmniQuip may withdraw from the Minnesota market without incurring contractual or statutory liability and recission of the Arbitration Agreement, or in the alternative, damages for RMS's alleged breach of the terms of the Agreement and the implied covenant of good faith and fair dealing. Defendant contends that Plaintiff's Motion should be denied because the amendments would be futile and are barred by the doctrines of prior material breach and unclean hands.

Our resolution of these issues is strongly influenced by the procedural posture of this case. The case is not before us on a motion to dismiss, but rather on a Motion to Amend the Complaint. The Federal Rules of Civil Procedure provide a series of increasingly strict pre-trial interception mechanisms, starting with Rule 11 (at the filing stage), proceeding through Rule 15 (amendments) and Rule 12 (dismissal as a matter of law), and ending with Rule 56 (after all discovery has been completed). This case is near the beginning of that continuum.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in Foman v. Davis, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the

> merits. In the absence of any apparent reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be "freely given."

The Eighth Circuit has stated that "a party's motion to amend should be dismissed on the merits 'only if [it] assert[s] clearly frivolous claims or defenses.'" Gamma-10 Plastics, Inc. v. Amer. President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994)(quoting Buder v. Merrill Lynch, Pierce Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981)); Becker v. Univ. of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999)(citation omitted). "Likelihood of success on the new claim is no basis for denying an amendment unless the claim asserted therein is clearly frivolous." Gamma-10, 32 F.3d at 1256. The application of these and related principles requires an exercise of judgment concerning the specific facts and procedural status in each particular case.

Defendant argues that the new claims Plaintiff seeks to assert are not ripe for decision because the harm asserted by Plaintiff is hypothetical. Under Article III, Section 2, Clause 1 of the United States Constitution, federal courts have jurisdiction to preside over only those matters that involve actual cases or controversies. Moreover, the "ripeness doctrine" prevents courts from entangling themselves in abstract disagreements. Paraquad, inc. v. St. Louis Housing Auth., 259 F.3d 956, 958 (8th Cir. 2001). Plaintiff contends that its claims are ripe, not frivolous and since the procedural posture of the case is such that the parties have just begun discovery, RMS will not be prejudiced by the amendments. At this early stage, we are not persuaded on the record before us that the proposed amendments would be futile.

Defendant further asserts that Plaintiff's claims are barred by the doctrines of prior material breach and unclean hands because Plaintiff first breached the Agreement by attaching it to its Complaint, thus making it a matter of public record. As with Defendant's arguments regarding ripeness and futility, we not prepared to conclude at this juncture that Plaintiff first breached the Agreement or suffers from unclean hands, thus barring it from pursuing its claims.

J.M.M.