**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **OMNIQUIP TEXTRON, INC.,** a Delaware corporation, and **TRAK INTERNATIONAL, INC.,** a Delaware corporation, Plaintiffs, | ) | **Court File No. 02-CV-291 DSD/JMM** |
| vs. | ) | **STIPULATION** AND ORDER |
| **ROAD MACHINERY & SUPPLIES CO.,** a Minnesota corporation, Defendant and Counterclaimant. | ) | |

The parties by their respective counsel hereby stipulate and move the Court for the entry of the attached Confidentiality Order in order to protect the confidential business nature of materials, facts and testimony produced in this action.

Dated: July 26, 2002

**Attorneys For Plaintiffs**
**OmniQuip Textron Inc. and**
**Trak International, Inc.**

Jon P. Christiansen
Eric Maassen
**FOLEY & LARDNER**
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-5367
Telephone: (414) 297-2400
Fax: (414) 297-4900

AUG 0 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: July 31, 2002

Jennifer L. Gehrig

**Attorneys For Defendant**
**Road Machinery & Supplies Co.**
Jennifer L. Gehrig
J. Michael Dady
Dady & Garner, P.A.
4000 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **OMNIQUIP TEXTRON, INC.,** a Delaware corporation, and **TRAK INTERNATIONAL, INC.,** a Delaware corporation, Plaintiffs, | **Court File No. 02-CV-291 DSD/JMM** |
| vs. | **PROTECTIVE ORDER** |
| **ROAD MACHINERY & SUPPLIES CO.,** a Minnesota corporation, Defendant and Counterclaimant. | |

For good cause shown and pursuant to the stipulation of the parties, the Court hereby orders, as follows:

**CONFIDENTIAL DESIGNATION**

1. Whenever any person ("Producing Party") provides to any party to this action ("Discovering Party") material which that person believes contains or discloses commercially sensitive, proprietary, or trade secret information, the Producing Party may designate the material as "Confidential—Attorneys Only" by marking it with an appropriate legend prior to its production, unless otherwise agreed by the parties to this Order.

Whenever a Producing Party provides to any Discovering Party material that the Producing Party believes contains or discloses confidential research, development, commercial, personnel, or other business information, the Producing Party may designate the material as "Confidential" by marking it with an appropriate legend prior to its production, unless otherwise agreed by the parties to this Order. When a third party produces material

received in confidence from a party to this Order, the party to this Order may designate the material and shall be deemed a Producing Party with respect thereto.

2. If a Producing Party wishes to change the designation of material erroneously designated, including material not designated initially, it shall notify each party to whom the material was provided and provide correctly designated copies.

**RESTRICTIONS ON USE OF PROTECTED MATERIAL**

3. Confidential or Confidential-Attorneys Only material may be used by the Discovering Party only to assist counsel of record in connection with this action.

4. Subject to paragraph 7, Confidential material may be provided only to:

a. Outside counsel of record for each party, their shareholders, partners and associates, and their regularly-employed office staffs;

b. Two in-house attorneys for each party and their regularly-employed office staffs.

c. Representatives of the party whose participation in the action is required.

d. Independent experts retained by counsel of record in connection with the preparation and trial of this action;

e. Court reporters and their staffs;

f. The Court and any person employed by the Court whose duties require access to the material; and

g. Employees of the producing party or former employees of the producing party who created or received the document in the course of their employment.

5. Subject to paragraph 7, Confidential-Attorneys Only material may be provided only to:

a. Outside counsel of record for each party, their shareholders, partners and associates, and their regularly-employed office staffs.

b. Independent experts whom counsel of record have retained to provide such counsel, advice, or consultation in connection with the preparation and trial of this action;

c. Court reporters and their staffs;

d. The Court and any person employed by the Court whose duties require access to the material; and

e. Employees of the producing party or former employees of the producing party who created or received the document in the course of their employment.

6. A party shall not be precluded from showing any material, regardless of its designation, to a person identified in the material as its author or recipient.

**NOTICE BY DISCOVERING COUNSEL PRIOR**
**TO DISCLOSURE OF CONFIDENTIAL MATERIAL**

7. Prior to disclosure of Confidential or Confidential-Attorneys Only material (other than as provided in paragraphs 4, 5, 6, 13, and 14), counsel shall provide 3 days' prior written notice to counsel for the Producing Party of its intent to make such disclosure, identifying the material to be disclosed and the name, address, and position of the person to whom disclosure is to be made. If, within 3 days after receiving such notice, the Producing Party objects in writing to counsel desiring to make the disclosure, no disclosure shall be made except by order of the Court. Before seeking such Court order, counsel shall meet and confer in a good faith effort to resolve their differences. If the Producing Party fails to so respond within 3 days, it shall be deemed to have consented to the disclosure. If the Producing Party consents to or the Court orders the disclosure, the material may be disclosed, in accordance with paragraph 8.

**UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

8. Except as set forth in paragraph 11, before material is disclosed to a person described in subparagraphs 4(d) or 5(b), that person shall read a copy of this Order and evidence agreement to be bound by it by signing an Undertaking to be Bound, in the form attached as Exhibit A. Counsel desiring to make the disclosure shall retain a copy of this Order and the signed Undertaking for one year after the termination of this action.

## DEPOSITIONS

9. A deponent may be shown and examined about Confidential or Confidential-Attorneys Only material if the deponent has produced or otherwise already has knowledge of the material or if the material has been disclosed pursuant to paragraph 7.

10. Portions of depositions transcripts shall be designated Confidential or confidential-Attorneys Only during the deposition or within 30 days of first receipt of the transcript. Prior to the expiration of this 30 day period, the entire transcript shall be treated as Confidential-Attorneys Only. After the expiration of the 30 day period, the transcript of the designated testimony shall be bound in a separate volume and appropriately marked. If a deposition transcript or exhibit contains repeated references to Confidential or Confidential-Attorneys Only material which cannot conveniently be segregated, any party may request that the entire transcript or exhibit be treated as Confidential or Confidential-Attorneys Only.

## OBJECTIONS TO CONFIDENTIALITY

11. A party may object to designation of material by notifying counsel for the Producing Party in writing its reasons for believing that material is not properly designated. The Producing Party shall, within 14 days after receiving such notice, respond in writing. If the Producing Party fails to respond timely in writing, then the Producing Party shall be deemed to have waived the claim of confidentiality. The party objecting to a designation may

move the Court for an order that the material is not confidential. Before filing such a motion, counsel shall meet and confer in a good faith effort to resolve their differences.

**USE OF CONFIDENTIAL MATERIAL**
**IN PLEADINGS AND OTHER COURT PAPERS**

12. If any party files with the Court any paper containing Confidential or Confidential-Attorneys Only material, the paper shall be filed and maintained under seal. The party making the filing shall file the paper in a sealed envelope, with a cover sheet stating:

> Confidential (or Confidential-Attorneys Only) – This document is subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that Order.

**USE OF CONFIDENTIAL**
**MATERIAL AT PRETRIAL HEARINGS**

13. If a party anticipates that it may disclose at a pretrial hearing in this action any information designated pursuant to this Order, it shall give two days' notice to the Court and all other parties of such anticipated disclosure specifying whether the information is designated as Confidential or Confidential-Attorneys Only. Following such notice, only persons authorized by this Order to receive such information may be present at that portion of the hearing during the disclosure of the designated information, except as otherwise ordered by the Court. This requirement shall not apply to disclosure in rebuttal or in response to another party's oral argument where the need for such disclosure could not be reasonably anticipated in advance of the hearing. However, prior to disclosing any Confidential or Confidential-Attorneys Only material in a reply or rebuttal argument, counsel shall advise the Court and opposing counsel and shall request, or give counsel for the Producing Party the opportunity to request, that persons not authorized by this Order to receive the information be excluded during the disclosure.

**USE OF CONFIDENTIAL INFORMATION AT TRIAL**

14. Subject to the Federal Rules of Evidence, Confidential or Confidential-Attorneys Only material may be offered in evidence at trial or at any juridical hearing, provided that the proponent of the evidence gives 5 days' notice to counsel for the Producing Party, unless for good cause shown the Court relieves the party of this notice obligation. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. Disclosure of the potential use of Confidential or Confidential Attorneys-Eyes Only material as part of the pretrial disclosure of exhibits or deposition designations shall be deemed to be compliance with the notice provision of this paragraph.

**RETURN OF CONFIDENTIAL MATERIAL**

15. Within 30 days after the settlement or termination of this action, any Producing Party may direct in writing that Confidential or Confidential-Attorneys Only material provided by the Producing Party be returned or destroyed. The Producing Party shall bear the reasonable expense of its request for return. Within 30 days after receipt of a request, counsel shall return or shall destroy, as requested, all Confidential or Confidential-Attorneys Only material, including copies, notes, and any other medium containing the material, except that counsel may (a) destroy Confidential or Confidential-Attorneys Only material stored electronically, and (b) retain work product memoranda, pleadings, or other materials that include Confidential or Confidential-Attorneys Only material.

16. The terms of this Order shall survive and remain in full force and effect after the termination of this action.

IT IS SO ORDERED.

August 1, 2002

Susan Richard Nelson
United States ~~District~~ Magistrate Judge

**Undertaking to be Bound by Protective Order**

I hereby acknowledge that I have received a copy of the Protective Order entered in *Omniquip Textron et al v. Road Machinery & Supplies Co.*, Court File No. 02-CV-291 DSD. I have read that Order, I understand the terms, conditions, and restrictions imposed by that Order on one who is given access to confidential documents and information pursuant to that Order, and I agree to be bound by all of the terms, conditions, and restrictions imposed by that Order.

I will return, in accordance with paragraph 15 of that Order, all confidential documents, material and information I receive to counsel who provided them to me. I acknowledge that the return or subsequent destruction of such documents, material, and information shall not relieve me from any of the obligations imposed on me by that Order.

I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with that Order.

Dated: ______________________ ________________________________

Name

________________________________

Business Address and Telephone: Occupation

________________________________
________________________________
________________________________
________________________________
________________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.